**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-4185**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REGINALD D. THOMPSON, a/k/a Reggie,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00282-D-1)

_____

Submitted:  November 26, 2018                    Decided:  November 29, 2018

_____

Before WILKINSON and MOTZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald D. Thompson pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and was sentenced to 52 months' imprisonment. Thompson appeals his sentence, arguing that the district court erred in applying a four-level enhancement for possession of a firearm in connection with another felony offense under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2016). The Government contends that, even if the district court erred in applying this enhancement, the sentence may be affirmed because the district court announced the same sentence as an alternative variant sentence. We agree with the Government and affirm the district court's judgment.

When a sentencing court imposes a Guidelines sentence and states that it would impose the same term as an alternative variant sentence, "rather than review the merits of each [Guidelines] challenge[s], we may proceed directly to an 'assumed error harmlessness inquiry.'" *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (quoting *United States v. Hargrove*, 701 F.3d 156, 162 (4th Cir. 2012)). "A Guidelines error is considered harmless if we determine that (1) 'the district court would have reached the same result even if it had decided the guidelines issue the other way,' and (2) 'the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor.'" *Gomez-Jimenez*, 750 F.3d at 382 (quoting *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011)).

In this case, the district court explicitly stated that it would have imposed a 52-month sentence even if it had miscalculated Thompson's advisory Guidelines range. We

conclude that this statement satisfies the first part of the harmlessness inquiry. *Gomez-Jimenez*, 750 F.3d at 383.

The second part of the inquiry considers whether Thompson's 52-month sentence would be reasonable even if the Guidelines issue were decided in his favor. *See United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017). The record reveals that the district court discussed the applicable 18 U.S.C. § 3553(a) (2012) sentencing factors in support of its decision to impose a 52-month term. Given the district court's reasoning and the deferential standard of review we apply when reviewing criminal sentences, *see Gall v. United States*, 552 U.S. 38, 51, 59-60 (2007), we conclude that Thompson's sentence would be substantively reasonable even if the disputed Guidelines issue had been resolved in his favor. *See Savillon-Matute*, 636 F.3d at 123-24. Therefore, even assuming that the district court erred in its Guidelines calculations, in light of the district court's alternate variant sentence, such error is harmless.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*